# Wheeling.

CLEVENGER, ADM'X *v.* DAWSON *et al.*

Decided July 9, 1879.

[Absent JOHNSON, JUDGE.]

A chancery suit is brought in a circuit court by a surety in a forfeited forthcoming bond, to be subrogated to the lien of the judgment creditor on the land of a co-security, and to enforce out of such land the payment of one-half of this debt and the costs of the original case and the costs in a chancery suit, which had been brought by the creditor to enforce out of the lands of the sureties the payment of the debt and costs, all the debt and costs as well as the costs of the chancery suit having been paid by the complainant.

HELD:

That in determining whether this court has jurisdiction on an appeal from the circuit court dismissing the bill, the subject in controversy must be regarded as a moiety of all the moneys paid by the plaintiff, whether on the forfeited forthcoming bond or the costs attending it, or the costs of the first chancery suit, and the interest on such sums.

Appeal from and *supersedeas* to a decree of the circuit court of Roane county rendered on the 19th day September, 1875, in a cause in said court then pending, wherein Lydia A. Clevenger, administratrix of Bailey Clevenger, deceased, was plaintiff and A. G. Dawson and Edward Davis were defendants, allowed upon the petition of said plaintiff.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

1879
June Term.

Clevenger,
Adm'x v. Dawson et al.

GREEN, PRESIDENT, furnishes the following statement of the case:

The facts appearing by the record are: that before the late war there were pending in the circuit court of Roane county three suits to enforce judgment liens in favor of the plaintiffs in said suits against the real estate of the defendants in said suits severally; in one of these suits Hopkins, Harding & Kemp were plaintiffs and E. and W. A. Davis were defendants; in another Werdebaugh, Smith & Co. were plaintiffs and E. and W. A. Davis and also D. Davis were defendants; and in the third of said suits E. and S. Frey were plaintiffs and E. Davis and A. G. Dawson and Bailey Clevenger were defendants. The claim of the plaintiffs in the last of these suits was to enforce out of the lands of the defendants a judgment in favor of the plaintiffs rendered by the circuit court of Roane county originally against E. Davis, on which he had given a forthcoming bond with A. G. Dawson and Bailey Clevenger as his sureties. This bond was forfeited and execution issued thereon, on which B. Clevenger paid October 20, 1858, $10.44. The amount of this execution on this forthcoming bond after crediting on it $49.76, amount of error in taking the forthcoming bond, was $99.46, with interest thereon from August 1, 1857, and $3.67 costs. In the chancery suit last above named, instituted by E. and S. Frey to enforce their judgment-lien and have the amount due on this forfeited forthcoming bond paid out of the real estate of the obligors in this bond, a decree was entered ordering the real estate of the sureties, Dawson and Clevenger, to be rented out to pay this debt. In January, 1861, Dawson's real estate was accordingly rented by the commissioners, Smith & Powell, for five years at $10.00 a year, Dawson himself being the renter; and B. Clevenger's lands were rented by the commissioners for three years at $46.00 a year, and Clevenger himself was the renter. In the other two chancery causes brought against the Davises for judgments against them Dawson and Clevenger were not par-

ties; and in these chancery causes lands of the Davises were sold and rented by an order of the court to satisfy the plaintiff's claim; but the amount of such sales and renting does not appear. At the May term, 1860, these three suits were consolidated by an order of the court.

At the July term, 1865, Pollard Smith & Co. filed a petition in these consolidated causes representing that they had judgment against E. Davis and D. Davis for $1,656.49 and against D. Davis individually for $546.04, which were older than any of the liens which had been audited in these suits, and claiming priority in the payment of the proceeds of sales or rentals of the lands of the defendants in their chancery suits; and thereupon the court entered a decree deciding that these judgments in favor of Pollard, Smith & Co. were "prior and paramount to the liens of the judgments of the complainants in the three foregoing chancery suits, and should be fully satisfied before the judgments of said complainants." It substituted Robert S. Brown as a commissioner in lieu of Powell and directed that "said Brown proceed to collect the several bonds given for the sale and rental of the real estate of the defendants aforesaid, and that he apply the same as fast as collected to the satisfaction of said judgments of the said Pollard, Smith & Co.; and report his proceedings to this court from time to time." If this decree be interpreted as directing the rents of the lands of Dawson and Clevenger, the sureties due in the debt to E. and S. Frey, to be applied to the payment of the judgments in favor of Pollard, Smith & Co., it would have been an absurdity, as on the face of the decree neither Dawson nor Clevenger was in any manner bound for these debts due Pollard, Smith & Co. B. Clevenger in his lifetime paid, as before stated, as surety with Dawson for E. Davis on the debt to E. & S. Frey after judgment and execution, on October 10, 1858, $10.44; and Clevenger having died, his administratrix, Lydia A. Clevenger, paid to one of the commissioners in these causes the amount due from him as a renter of his own lands from them, that is on No-

vember 14, 1870, $47.00, on December 12, 1870, $50.00, and on November 15, 1872, $116.00; and the last receipt of the commissioner states that this $116.00 "is in full of the balance of the debt in the chancery cause of E. & S. Frey against E. Davis, A. G. Dawson and Bailey Clevenger and one-third of the costs in three chancery causes aforesaid."

On January 1, 1866, A. G. Dawson paid to R. S. Brown $56.00 in full of his note given to the commissioners for the rent of his own land. But this payment was not made to him as a substituted commissioner under the decree of July, 1865, but was made to him as assignee of Pollard, Smith & Co. who had no demand whatever against Dawson, unless the decree of July, 1865, is to be so interpreted as to give them such demand. The receipt for this money was as follows: "Received January 1, 1866, of A. G. Dawson, for Pollard, Smith & Co. (who were adjudged entitled to within funds by decree of the circuit court of Roane county in the within named cause) $56,00, in full of the within note. R. S. Brown assignee of Pollard, Smith & Co." This receipt was on the back of the note given for the rent of Dawson's land, which note had at its heading improperly the style of the case of *Hopkins, Harden & Kemp* v. *E. and D. and Wm. Davis et al* only.

In February, 1873, Lydia A. Clevenger, administratrix of Bailey Clevenger, deceased, filed her bill in the circuit court of Roane county against Edward Davis and Albert G. Dawson setting forth that her intestate was co-security with A. G. Dawson for E. Davis in a forthcoming bond, as before stated; and the institution of the chancery cause by E. and S. Frey against the obligors in this forthcoming bond to enforce the payment of it out of their lands, and also the institution of the two other chancery causes and the renting of the land of her intestate B. Clevenger to satisfy this debt as before stated, and the payment of the rent, as before stated, by her as administratrix of B. Clevenger to one of the commissioners, and that in this

1879
June Term.

Clevenger,
Adm'x v. Daw-
son et al.

manner her intestate and she as his administratrix had paid the whole of this debt in which her intestate was co-security only with A. G. Dawson ; that E. Davis was insolvent and that the judgment which she had thus paid off was docketed ; that the co-security A. G. Dawson had paid no part of this forthcoming bond or the execution issued thereon when forfeited ; that he owns one hundred acres of land in Roane county, that this forfeited forthcoming bond was a lien thereon, and that she as administratrix of B. Clevenger was entitled to be substituted to the lien of the creditors in this forfeited forthcoming bond to the extent of one half ot the amount she and her intestate had paid in satisfaction of this forfeited forthcoming bond ; and she asks that she may be subrogated to the rights and liens of E. and S. Frey, and that this lien be enforced against the land of A. G. Dawson.

Dawson demurred to this bill ; and his demurrer was overruled. He then filed his answer setting forth the other facts above stated in connection with these three chancery causes aforesaid, and claiming that by the decree in said causes, made in July, 1865, it was decided that the proceeds of the rental of all the lands, including the lands of Clevenger and his own, should be paid to Pollard, Smith & Co. ; and that R. S. Brown as commissiner was directed to collect all these rents and apply them to the claim ot Pollard, Smith & Co. ; and that he had paid all his rents to R. S. Brown as assignee ot Pollard, Smith & Co. He claims to have thus paid his portion of said debt, and if plaintiff has paid more than her portion, she did so in her own wrong after his payment of his portion. He says that E. Davis is now insolvent ; and he says that the proceeds arising from the renting of of E. Davis's land was collected and applied to this debt ; but that as the report of the commissioners showing this has been lost, he can not show when or how these proceeds were applied. A special replication was filed denying the positions taken by this answer but bringing no new facts into the cause, and alleging that the rent of

1879.
June Term.

Clevenger,.
Adm'x v. Daw-
son et al.

the real estate of E. Davis was applied not to the payment of this forfeited forthcoming bond but to the payment of other judgments.

The court by a decree rendered September 15, 1874, referred the cause to a commissioner to state an account between the parties, showing the amount of the judgment in favor of E. and S. Frey, the amount paid thereon in satisfaction thereof by any of the parties, and the amount either surety paid more than the other, and what defendant, Dawson, paid under the order of the court, and to whom, and any other matter deemed pertinent by any of the parties.

On January 28, 1875, the commissioner made his report setting forth the facts of the case as above stated; and he refers specially to the decree in said causes of August term, 1871, in which it was decreed that the special commissioner, Flesher, do out of the proceeds of the bonds given for the rental of lands of Dawson and Clevenger pay to E. & S. Frey $110.64 with interest from August 25, 1860, till payment. The commissioner, believing that Dawson was the judgment debtor of E. and S. Frey only, refused to allow him credit for the amount paid by him to R. S. Brown as assignee of Pollard, Smith & Co. The amount of the debt due to E. & S. Frey, after crediting the error in the taking of the forthcoming bond, is reported as $99.46 with interest thereon from August 1, 1857, and $3.67 costs. The interest, if calculated to the date of the report, January 28, 1875, would be $207.50. The amount paid upon it by B. Clevenger in his lifetime and by his administratrix since his death are the sums hereinbefore stated; and with interest to January 28, 1875, they amounted to $273.12. If the interest had been calculated up to January 16, 1873, when the suit was instituted, it would have amounted then to $258.20; and if calculated to November, 15, 1872, the day on which the plaintiff made the last payment, it would have amounted to $257.39, of which $116.00 was paid that day. A calculation will

show that on the 15th day of November, 1872, to have paid off this debt excluding all costs in the chancery suit would have required the payment of $84.58; so that on that day there was paid by the administratrix of B. Clevenger $31.42 as one-third of the costs of these chancery suits. If she had paid off the debt only, and not these costs, the amount with interest to November 15, 1872, which she would have paid, would have been $225.97. Until she paid this $116.00 on November 15, 1872, she had paid with interest to that date $141.39, or $22.70 more than her moiety of this debt at that date.

Dawson excepted to this report, because he was not allowed the credit for $56.00 paid to Brown as assignee by him. The court on the 9th day of September, 1878, entered the following decree : "At a circuit court held for the county of Roane on the 9th day of September, 1875, this cause coming on to be heard upon the bill answer and exhibits filed therewith, and upon the orders heretofore made therein and upon the report of commissioner, and arguments of counsel. On mature consideration thereof, the court is of opinion, that the complainant is not entitled to any relief in the premises. It is therefore adjudged, ordered and decreed, that the bill of complaint be and the same is dismissed as to A. G. Dawson; and that the defendant recover his costs in this behalf expended."

From this decree this Court has allowed an appeal and *supersedeas* on the petition of Lydia A. Clevenger, administratrix of B. Clevenger, deceased.

No appearance for appellant.

*Robert S. Brown*, for appellees, cited the following authorities :

3 Munf. 136 ; 8 Gratt. 549 ; Barton Law Pr. 397, 398, 399.

1879
June Term.

Clevenger,
Adm'x v. Daw-
son *et al.*

GREEN, PRESIDENT, delivered the opinion of the Court :

The appellee insists that this Court has no jurisdiction, the matter in controversy exclusive of costs being not more than $100.00. The Constitution and law provide that this court shall have appellate jurisdiction in civil cases, where the matter in controversy, exclusive of costs, is of greater value or amount than $100.00, Acts of 1872-3, pp. 25 and 56. The words *exclusive of costs* in the Constitution and law refer of course to the costs in the suit which is brought up by the appeal or writ of error. It is only by regarding the costs upon the forfeited forthcoming bond and the costs of the former chancery suit as excluded from the amount in controversy in this suit, that the appellee can possibly reduce the amount in controversy to a sum not greater than $100.00; and even then he will have to insist that the plaintiff's claim be regarded not as one-half the amount that she and her intestate had paid on the forfeited forthcoming bond with interest thereon from the time the sums were respectively paid, but as one-half of the amount which would have been required on the day she instituted her suit to pay off the entire amount of the forfeited forthcoming bond and interest, excluding the costs of the forfeited forthcoming bond and of the prior chancery suit which she had to pay. For even if all the costs are excluded, still the actual amount of the forfeited forthcoming bond and interest at the time the final decree was rendered exceeded $200.00. It then amounted to $215.00; but the plaintiff's claim when she instituted this suit on January 16, 1873, was for one-half of the amount she and her intestate had paid on this forfeited forthcoming bond, including the costs thereof and the costs she had paid in the chancery suit brought to enforce its payment with the interest on such payments; for the lands of the plaintiff's intestate and of his co-security Dawson were liable to the payments of said forfeited forthcoming bond, the costs on the same and the costs of the chancery suit brought to enforce it.

1879
June Term.

Clevenger,
Adm'x. v. Daw-
son *et al.*

The amount in controversy in this cause when so calculated was, when the suit was brought, $129.50, the whole amount and interest which she and her intestate had then paid, being $259.00.

The appellees claim that Dawson's payment to R. S. Brown, assignee of Pollard, Smith & Co., of $56.00 on January 1, 1866, ought to be credited to him as if it had been a payment on the forfeited forthcoming bond on which he was a surety, and so regarding it, he had paid his one-half of said bond. But if this was a credit to which he was entitled, it would not have paid off one-half of this forfeited forthcoming bond and interest, for this bond, interest and costs then amounted to $153.85; and his half of this then would have been $76.92 besides one-half of the costs of the chancery suit, which should also have been paid by him. So that if his claim, that he was entitled to this credit and the plaintiff was entitled to that much less than the amount she had paid was good, still the plaintiff, when this suit was instituted, would have been entitled to recover of his co-security about $50.00. But his pretension, that he should be allowed this payment of $56.00, and that his co-security should not be allowed the full amount he had paid, but must abate this $56.00 as that amount was paid by these securities more than the full amount due from them, seems to me without any foundation in justice. It is claimed, because, it is said, the decree in the three chancery suits entered in 1865 in effect, though not in terms, directed Dawson to pay this sum to Pollard, Smith & Co., and he accordingly paid it to R. S. Brown, their assignee. We shall presently see that the decree of 1865, when fairly interpreted, gave no such direction or order ; and it is obvious, even if it had so directed, it would not have deprived E. & S. Frey, the obligors in the forfeited forthcoming bond, from making the whole of their debt out of the securities in the bond, and this the court distinctly recognized in the decree at the August term, 1871, referred to in the commissioner's report, which

1879
June Term.

Clevenger,
Adm'x. v. Daw-
son et al.

expressly directed the special commissioner, out of the proceeds of the rental of the lands of these securities, to pay the whole of this debt and interest. How then can the full payments made by B. Clevenger, one of these sureties, and by his advice to this special commissioner be rejected, because the other surety had paid the rents due from him to. parties who had no pretense of any claim to them, even if the court had made the error in the decree of 1865, which it is claimed it did make?

The commissioner rejected this payment of $56.00 by Dawson to R. S. Brown as assignee of Pollard, Smith & Co., on January 1, 1866, as an authorized payment made to parties who had no pretension of claim against Dawson or his co-security. Did he err in so doing? The decree of July, 1865, certainly did not order him to pay this money, or any money, to Pollard, Smith & Co., or their assignee. It was his duty to have paid this sum to the special commissioner; and had he so done, as did his co-security, the plaintiff in this cause, he would have been entitled to a credit for it, even if the court had erroneously ordered it to be paid to Pollard, Smith & Co., who had no claim to it of any sort, or even if the special commissioner had improperly so paid it without the order of the court. But the court in fact by its decree of 1865 did not order this rent due from Dawson to be collected and paid to Pollard, Smith & Co.

This decree says: " On mature consideration the court is of opinion that the liens of the two judgments of the petitioners, Pollard, Smith & Co., filed, marked "A" and "B," with this petition, are prior and paramount to the liens of the judgments of the complainants in the three foregoing chancery suits, and that the petitioners in said judgments should be fully satisfied before said judgments of said complainant." These judgments referred to and made a part of this decree are accordingly filed. One of them is a judgment in favor of Pollard, Smith & Co. v. Edward Davis and David Davis for $1,656.49 with interest from January 8, 1857, and costs; and the other a

judgment in favor of Pollard, Smith & Co. v. Edward Davis for $546.04 with interest from January 8, 1857, and costs.   Edward and David Davis were defendants in the two chancery suits other than the one based on this forthcoming bond; and in that suit Edward Davis and his sureties in the forthcoming bond, Dawson and Clevenger, alone were defendants.   This decree was entered in all three of these cases; and as on the face of the decree it appears that the judgments of Pollard, Smith & Co. were only against the Davises, and were not against either Dawson or Clevenger, it is perfectly apparent that all the court decided in the portion of the decree above recited was, that these judgments had, in administering the assets of the Davises, priority over other judgments, and that the assets of the Davises under the control of the court were to be applied to the payment of these two judgments before any of them should be applied to the payment of any of the judgments of the complainants in these chancery suits.   The court certainly in so much of this decree as I have quoted does not say, and could not probably have meant to say, that the assets arising from the renting of the lands of Dawson and Clevenger should be applied, either first or at all, to the payment of the judgments of Pollard, Smith & Co., who had no judgments against them or any claim of any sort upon them. This decree afterwards directs Robert S. Brown, a special commissioner, to "proceed to collect the several bonds given for the sale and rental of the real estate of the defendants aforesaid, and that he apply the same as fast as collected to the satisfaction of said judgments of the said Pollard, Smith & Co."   This part of the decree, in directing the collection of the bonds given for the sale and rental of the real estate of the defendants aforesaid, is certainly wrong in not defining more carefully what bonds were meant by the bonds for the sale and rental of the real estate of the defendants aforesaid.

The appellees' counsel insists by the defendants aforesaid was meant all the defendants to the three chancery

causes in which this decree was entered. But as the previous part of the decree shows on its face, when the exhibits made a part of it were read, that the judgments of Pollard, Smith & Co. were not against all the defendants to these chancery suits, but only against Edward Davis and Daniel Davis, it is apparent that by the defendants aforesaid was meant the defendants in these judgments in favor of Pollard, Smith & Co.; for the rentals of their land alone could be applied to the payment of the judgments against them. It would be a palpable absurdity to interpret this decree as ordering the rents of the lands of Dawson and Clevenger to be applied to the payment of judgments which the decree on its face showed were not judgments against them and which they were in no manner bound for. Robert S. Brown, not as special commissioner but as assignee of Pollard, Smith & Co., collected of Dawson the rent of his land $56.00; and in the receipt for the same states, that this decree adjudged that Pollard, Smith & Co. were entitled to these rents. This collection by the assignee of Pollard, Smith & Co. was clearly not authorized by this decree. Dawson knew that he owed them nothing; and he ought not to have paid this money to their assignee. He ought clearly to have paid it to the special commissioners of whom he rented his land or their successors. Had he done so, he would have been safe. As it is, the commissioner of the court properly rejected this as a payment on the forfeited forthcoming bond which was due to E. & S. Frey.

The court obviously erred in deciding as it did in the decree of September 9, 1875, that the complainant in this cause was not entitled to any relief in the premises and in dismissing her bill at her costs. She was clearly entitled to be subrogated to the rights and liens of E. & S. Frey against the real estate named in the bill of the co-surety A. G. Dawson in the forfeited forthcoming bond, she and her intestate having paid off the whole of said forfeited forthcoming bond and costs

1879<br>
June Term.<br>
<br>
Clevenger,<br>
Adm'x v. Dawson et al.

1879
June Term.

Clevenger,
Adm'x v. Daw-
son *et al.*

and the costs of the chancery suit brought to enforce it; and by virtue of this subrogation she was entitled to subject this real estate to the payment of the one-half of all the moneys so paid by her or her intestate. The commissioner had correctly ascertained this amount. The whole amount so paid with interest to January 28, 1875, was $273.12, the one-half of which, or $136.56, ought to have been by the court decreed in favor of the complainant; and if necessary, its payment should have been enforced out of the lands of the defendant A. G. Dawson.

The decree of the circuit court of September 9, 1875, must therefore be reversed and annulled; and the appellant must recover of the appellees their costs expended in prosecuting this appeal; and this court, proceeding to pronounce such decree as the court below ought to have done, is of opinion that the complainant is entitled to be subrogated to the lien on the lands of the defendant, Albert G. Dawson, which existed upon the forfeiture of the forthcoming bond executed by Edward Davis, Albert G. Dawson and Bailey Clevenger to the extent of one-half of the amount which has been paid by Bailey Clevenger, or his administratrix, on said debt or on the costs of said forthcoming bond or on the costs of the chancery suit brought to enforce the payment of the same; and the court is further of opinion that this amount is correctly ascertained by the report of commissioner S. G. McCullough of date January 28, 1875, and is, including interest, in all $273.12 with interest from the 28th of January, 1875, till paid. It is therefore adjudged, ordered and decreed, that the exception to said report filed by A. G. Dawson by his counsel be overruled, and that the said report be and the same is hereby approved, and that A. G. Dawson do pay to the complainant, Lydia A. Clevenger, administratrix of Bailey Clevenger, $136.56 with interest thereon from January 28, 1875, till paid and the costs of this suit; and if the same be not paid in a reasonable time to be fixed by the circuit court of Roane county, the said court, to whom this cause is remanded, shall pro-

ceed to enforce the same out of the land of said Albert G. Dawson in the bill named either by selling or renting the same as may be proper, and that the complainant recover of the defendant Edward Davis a like sum of $136.56 with interest from January 28, 1875, and upon the payment by said Albert G. Dawson of the amount decreed against him above, the circuit court of Roane county shall render a decree in his favor for the sum so paid by him against the said Edward Davis. And this cause is remanded to the circuit court of Roane county to execute this decree, and further to proceed with this cause according to the principles laid down in the opinion filed with this decree, and according to the rules governing couts of equity.

JUDGES HAYMOND AND MOORE CONCURRED.

JUDGMENT REVERSED, CAUSE REMANDED.